IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ASPIRATION INNOVATION, INC., | Case No. _____ |
| *Plaintiff,* | |
| v. | DEMAND FOR JURY TRIAL |
| JAGUAR LAND ROVER NORTH AMERICA, LLC; JAGUAR LAND ROVER AUTOMOTIVE, PLC, | |
| *Defendants.* | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.    Aspiration Innovation, Inc. ("AI" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Jaguar Land Rover North America, LLC and Jaguar Land Rover Automotive, PLC ("Jaguar" or "Defendants") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,489,563, titled "Meta-configuration of profiles" (the '563 Patent) attached hereto as Exhibit A.

## NATURE OF THE ACTION

2.    This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3.    Plaintiff Aspiration Innovation, Inc. is a Colorado Corporation located at 3232 Grand Canyon Street, Fort Collins, CO 80525.

4.    On information and belief, Defendant Jaguar Land Rover North America, LLC ("Jaguar N.A.") is a limited liability company organized under the laws of Delaware, with its

principal places of business at 100 Jaguar Land Rover Way, Mahwah, NJ, 07495-1100. Jaguar N.A. may be served through its registered agent for service, The Corporate Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

5.      On information and belief, Defendant Jaguar Land Rover Automotive, PLC ("Jaguar PLC") is a corporation organized under the laws of England (Registered in England No: 1672070), with its principal office at Abbey Road, Whitley, Coventry CV3 4lf.  Jaguar PLC may be served pursuant to the provisions of the Hague Service Convention.

<u>JURISDICTION AND VENUE</u>

6.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

7.      The Court has personal jurisdiction over Defendants for the following reasons: (1) Defendants are present within or has minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendants have sought protection and benefit from the laws of the State of Texas; (4) Defendants regularly conduct business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this district; and (5) Defendants have purposely availed itself of the privileges and benefits of the laws of the State of Texas.

8.      Defendants, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the products which contain the

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

infringing elements as detailed below. Upon information and belief, Defendants have committed patent infringement in the State of Texas and in this district; Defendants solicit and have solicited customers in the State of Texas and in this district; and Defendants have paying customers who are residents of the State of Texas and this district and who each use and have used the Defendants' products and services in the State of Texas and in this district.

9.      Venue is proper over Defendant Jaguar N.A. in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For example, Defendant has at least a regular and established place of business at 5935 Preston Rd, Frisco, TX 75034.

10.     Venue and personal jurisdiction are proper over Defendant Jaguar PLC pursuant to Federal Rules of Civil Procedure 4(k)(2).

<u>PATENT-IN-SUIT</u>

11.     Plaintiff incorporates the above paragraphs herein by reference.

12.     On July 16, 2013, United States Patent No. 8,489,563 titled "Meta-configuration of profiles" was duly and legally issued by the United States Patent and Trademark Office. The '563 Patent is presumed valid and enforceable.

13.     Plaintiff is the assignee of all right, title and interest in the '563 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '563 Patent.

14.     The '563 Patent relates to systems and methods for creating, applying, using and retrieving profiles with certain attributes stored in them and applying the selected profiles to the content. For example, for vehicles, profiles with driver preferences can be created with certain

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

attributes stored in them and applied to various vehicles by loading a given profile in the built-in vehicle software.

15.    The invention disclosed in the Patent-in-Suit resolve technical problems related to storing default profiles according to user's preference in a computer memory which can be loaded by the user when desired. For example, the invention enables loading driver-preferred settings such as climate control, seat positions and settings, audio system settings and presets, engine performance settings, navigation system settings, mirror settings, and others which are stored in a vehicle's computer memory.

16.    The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the '563 Patent was filed, there existed various problems in how to store profile information separately from, or with, the content to which the profiles were being applied. *See* Ex. A, '563 Patent, 1:25-27. The inventions disclosed in the '563 Patent addressed such problems by describing specific steps to retrieve a profile that has a plurality of attributes, load said profile from a profile repository at runtime, and apply the profile to selected content.

17.    Specifically, the patent includes an embodiment in which a user creates a profile for a vehicle based on driver preferences. The profile can store the entire environment, including climate control, seat positions and settings, audio system settings and presets, engine performance settings, and more. *See* '563 Patent, 30:48-55. A user is then able to re-create a desired environment in various vehicles, regardless of whether that vehicle as the same options available or is even of the same vehicle type.  *See* '563 Patent, 30:48-55.

18.    The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving the creation and application of user

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

profiles with certain attributes stored in them across various environments.

19.    Moreover, the inventions taught in the Patent-in-Suit cannot be performed with pen and paper or in the human mind.  One of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the Patent-in-Suit addresses problems rooted in improving the creation and application of user profiles with certain attributes stored in them across various environments, the solutions it teaches are not merely drawn to longstanding human activities.

## INVENTOR OF THE PATENT-IN-SUIT

20.    Mr. Andrew Poulsen is the inventor of the '563 Patent and the president and CTO of Aspiration Innovation, Inc.  He is a technologist with extensive experience in mechanical engineering and CAD.  While at Aspiration Innovation, Inc. Mr. Poulsen developed an extensive portfolio of CAD-related productivity tools which offer intuitive interfaces without sacrificing functionality.

## ACCUSED PRODUCTS

21.    Defendants make, use, offer for sale and sell in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Jaguar and Land Rover vehicles with built-in Smart Settings systems (the "Accused Products" or "Accused Instrumentality").

22.    The Smart Settings system allows drivers to create profiles which apply the current driver's preferred settings regardless of who operated the vehicle last.

## COUNT I

5

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

**(Infringement of U.S. Patent No. 8,489,563)**

23.  Plaintiff incorporates the above paragraphs herein by reference.

24.  The '563 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 16, 2013. The '563 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

25.  Plaintiff is the owner by assignment of the '563 Patent and possesses all rights of recovery under the '563 patent, including the exclusive right enforce the '563 Patent and pursue lawsuits against infringers.

26.  Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe on one or more claims of the '563 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '563 systems and methods, in violation of 35 U.S.C. § 271.

<u>Direct Infringement – 35 U.S.C. § 271(a)</u>

27.  Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

28.  Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe on one or more claims of the '563 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '563 systems and methods, in violation of 35 U.S.C. § 271.

29.  Defendants have been and now are directly infringing by, among other things, practicing all of the steps of the '563 Patent, for example, through internal testing, quality

6

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

30.    By way of example, Defendants have infringed and continue to infringe at least one or more claims of the '563 Patent, including at least Claim 25. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 25 of the '563 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

31.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

32.    Defendants had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

33.    Defendants have been and now are indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '563 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendants' customers and other third parties interacting with the accused technology.

34.    Defendants knew the Accused Product infringes the '563 Patent and yet Defendants induced and continue to induce others, including partners, customers, and third parties, to directly infringe at least one claim of the '563 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

35.    For example, Defendants induce users to use the infringing Accused Product in Jaguar Land Rover vehicles, actively prompting infringement by directing drivers to use their Smart Settings multimedia system to create driver profiles according to their preference. *See, e.g.*, Ex. C[1] (advertising the Smart Settings multimedia system and encouraging users to use Smart Settings to create a desired environment through a profile unique to a given driver); Ex. D[2] (providing users detailed instructions as to how to create a "smart settings profile" so that a given driver will always have their specific preferences used); and Ex. E[3] (advertising Smart Settings and how "[t]he system automatically identifies each driver using their key and phone, and can remember a number of settings saved to their profile"). These resources both advertise and provide detailed directions on how to implement the infringing technology.

36.    The allegations herein support a finding that Defendants induced infringement of the '563 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

---

[1] Available at https://www.youtube.com/watch?v=JCDnQaqzZ4I.
[2] Available at
https://www.ownerinfo.jaguar.com/document/4K/2019/T24106/29962_en_GBR/proc/G2155585.
[3] Available at https://images.jazelc.com/uploads/galpinjaguar/Jaguar_US-I-Pace_2019-2-compressed.pdf.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

<u>**Contributory Infringement – 35 U.S.C. § 271(c)**</u>

37.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

38.     Defendants had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

39.     On information and belief, Defendants contribute to their users' infringement of at least Claim 1 of the '563 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

<u>**Willful Infringement**</u>

40.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

41.     Defendants had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

42.     Despite their knowledge of the '563 Patent, Defendants have sold and continue to sell the Accused Product in egregious disregard of Plaintiff's patent rights. Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '563 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

**Plaintiff Suffered Damages**

43.     Defendants' acts of infringement of the Patent-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

## REQUEST FOR RELIEF

44.     Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)     enter a declaration that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '563 Patent;

(b)     enter a judgment awarding Plaintiff all damages adequate to compensate him for Defendants' infringement of, direct or contributory, or inducement to infringe, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the '563 Patent;

(d)     issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendants, their directors, officers, agents, servants, employees, and those

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '563 Patent;

(e)     enter a judgment requiring Defendants to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Plaintiff all other relief that the Court may deem just and proper.


Dated: March 29, 2022                    Respectfully submitted,

                                        /s/  Kirk J. Anderson
                                        Kirk. J. Anderson (CA SBN 289043)
                                        kanderson@budolaw.com
                                        BUDO LAW, P.C.
                                        5610 Ward Rd., Suite #300
                                        Arvada, CO 80002
                                        (720) 225-9440 (Phone)
                                        (720) 225-9331 (Fax)

                                        M. GRANT MCARTHUR (CA SBN 321959)
                                        gmcarthur@budolaw.com
                                        BUDO LAW, P.C.
                                        5610 Ward Rd., Suite #300
                                        Arvada, CO 80002
                                        (720) 225-9440 (Phone)
                                        (720) 225-9331 (Fax)

                                        *Attorney(s) for Plaintiff Aspiration Innovation, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL